2019 JAN 28 AM 10: 07



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ANDREW LEE BENJAMIN, as Successor Administrator of the Estate of Lue Alice Green, | ) ) ) ) | No. 77684-3-I |
| | ) | DIVISION ONE |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| | ) | |
| DALYNNE SINGLETON and JOHN DOE SINGLETON, her husband, and the marital community composed thereof, AND LAW OFFICE OF B. CRAIG COURLEY, PLLC, a Washington Professional Limited Liability Company, d/b/a GOURLEY LAW GROUP, | ) ) ) ) ) ) ) ) ) | |
| Respondent. | ) ) | FILED: January 28, 2019 |
| | ) | |

ANDRUS, J. — Successor administrator Andrew Benjamin appeals the dismissal of his legal malpractice claim against Dalynne Singleton, the attorney for predecessor administrator Leonardo Monk. Because "neither an estate beneficiary nor a successor personal representative has privity of contract to bring a malpractice cause of action" against the attorney for a predecessor personal representative, Trask v. Butler, 123 Wn.2d 835, 847, 872 P.2d 1080 (1994), we affirm.

## FACTS

Lue Alice Green died intestate on April 20, 2005. Green had eight children and three grandchildren entitled to inherit from her estate. The sole estate asset was a home located at 1425 East Union Street, in the Capitol Hill neighborhood of Seattle (the East Union Property). At the time of Green's death and until the probate was filed, some of Green's children lived in the East Union Property. Benjamin contends that the shared living situation ended when one of Green's sons, Monk, moved into the East Union Property with his girlfriend and his girlfriend's child, over the objection of other family members.

Monk filed a probate action in King County Superior Court on June 16, 2016. Attorney Julie Christenson originally appeared on behalf of Monk. With the apparent consent of the beneficiaries, the court appointed Monk administrator[1] of Green's estate without bond and granted letters of administration.

On August 2, 2016, Dalynne Singleton appeared on behalf of Monk. Singleton sought and obtained an order authorizing and approving the sale of the East Union Property. In mid-November 2016, Monk sold the East Union Property with net proceeds of $501,651.99, which he placed into an unblocked Wells Fargo bank account. Monk then spent over $110,000 of the proceeds for his personal use, violating a court order to disperse the proceeds to Green's beneficiaries.

Benjamin alleged that on December 16, 2016, the court removed both Monk and Singleton.[2] The court appointed Benjamin as successor administrator on

---

[1] The terms "administrator," "personal representative," and "successor administrator" may be used interchangeably. RCW 11.02.005(11).

[2] Singleton disputes this characterization of the December 16, 2016 order, contending that she voluntarily withdrew. The December 16, 2016 order is not a part of the record on appeal.

December 19, 2016. On February 1, 2017, the trial court found that Monk had illegally converted $160,245.57 of estate assets and ordered him to repay this sum to the estate. The court also directed Benjamin to report the conversion of funds to the King County Prosecutor for the imposition of criminal charges. Furthermore, the court suspended payment of attorney fees to Singleton and to John Woodbery, the attorney hired by two of Green's beneficiaries, Edward and Freddie Lee Green. Finally, the court ordered Benjamin to "investigate, retain counsel regarding, and give notice of a potential professional liability claim on behalf of the Estate and its beneficiaries against Ms. Singleton for failing to make banking arrangements that would protect the estate and its beneficiaries from improper withdrawals."

Benjamin filed this action against Singleton and the law firm for which she worked, alleging legal malpractice and breach of fiduciary duty.[3] Singleton moved to dismiss Benjamin's complaint under Civil Rule 12(b)(6), arguing that Benjamin lacked standing under Trask v. Butler. The trial court granted Singleton's motion to dismiss. Benjamin appeals.

## ANALYSIS

We review a dismissal for failure to state a claim de novo. Tenore v. AT&T Wireless Servs., 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998). Dismissal is appropriate only if it appears beyond doubt the plaintiff cannot prove any set of facts that would justify recovery. Id. In reviewing the record, we assume the plaintiff's allegations are true. Id. at 330.

---

[3] Singleton was employed as an independent contractor by the law firm of Respondent Law Office of B. Craig Gourley, PLLC. We refer to the Respondents collectively as "Singleton."

-3-

Benjamin alleged Singleton breached the standard of care of a reasonable probate attorney by failing (1) to inform the probate court of the discord between Monk and the other heirs, (2) to require Monk to post a bond, (3) to seek the appointment of a guardian ad litem for a developmentally disabled heir, (4) to ensure the proceeds from the house sale were placed into a blocked or interest-bearing trust account, and (5) to disclose Monk's theft of proceeds to the court. Benjamin also alleged that Singleton owed a fiduciary duty to Benjamin and to the estate beneficiaries, which she breached through her acts of malpractice.

The facts of this case are analogous to those in Trask. In that case, Laurel Slaninka, the personal representative for the estates of her parents, Johanna and George Trask, breached her fiduciary duty in the management of the estate's real property, and the court removed her as personal representative of both estates. Trask, 123 Wn.2d at 838-39. Laurel's brother, Russell, was appointed as successor personal representative. Id. at 837, 839. Laurel and Russell signed a settlement agreement whereby Laurel gave Russell her share of the estate in exchange for a release of liability. Id. at 839. Russell then filed a malpractice suit against Laurel's attorney, Richard Butler, who had represented her in a quiet title action and the sale of the estate's real property, alleging Butler had negligently advised Laurel, resulting in a loss of $90,000 from the estate. Id.

The Court recognized that traditionally, the only person who can sue an attorney for malpractice is the client. Id. at 840. After applying a six-factor balancing test, it held that an attorney representing a personal representative owes no duty of care to either the estate or estate beneficiaries because they are incidental, rather than intended, beneficiaries of the attorney-client relationship. Id.

- 4 -

at 845. The Court clearly held that a successor personal representative, on behalf of an estate, lacks the requisite privity of contract to bring a malpractice action against the predecessor personal representative's attorney. Id. at 847.

Like Laurel, Monk hired an attorney to assist him in probating his mother's estate, and the attorney assisted him in obtaining an order authorizing and approving the sale of Green's home. Like Laurel, Monk misused estate assets and was removed as administrator. Benjamin, like Russell, was appointed to succeed Monk as administrator. Benjamin has not demonstrated why he would be deemed an intended beneficiary of Singleton's legal services when the Supreme Court held that Russell was not. Benjamin argues he stands in a different position than Russell did in Trask v. Butler because he is not a beneficiary of the estate. But Benjamin brings this lawsuit in his representative capacity for the estate. His complaint seeks damages "caused to [the] Plaintiff Estate." It, thus, makes no difference whether Benjamin is a beneficiary of the estate. The Supreme Court's holding in Trask is clear: Singleton did not owe a duty of care to the estate.

Benjamin asserts standing under In re Guardianship of Karan, 110 Wn. App. 76, 38 P.3d 396 (2002) and Estate of Treadwell v. Wright, 115 Wn. App. 238, 61 P.3d 1214 (2003).[4] Those cases, however, are distinguishable because both involved attorneys hired to establish guardianships where, as both courts explicitly said, the ward was the only intended beneficiary of the legal services the attorneys provided. See Karan, 110 Wn. App. at 78-79, 85-86 (attorney's failure to comply

---

[4] Benjamin also relies on In re the Estate of Williams, 153 Wn. App. 1047, 2009 WL 5092865 (Div. 1, 2009). Because it was decided prior to 2013, it does not meet the requirements of General Rule 14.1, and we will not consider its applicability to this appeal.

with statutory requirements resulted in guardian mismanaging the ward's funds, giving successor guardian standing to sue attorney on behalf of ward because services were not performed for the benefit of anyone other than the ward); Treadwell, 115 Wn. App. at 241 (successor guardian had standing to sue on behalf of ward after attorney's omission of bond requirement in signed guardianship order resulted in issuance of letters of guardianship without restrictions, resulting in the guardian depleting the ward's assets). Both Karan and Treadwell are factually distinguishable because Singleton's legal services did not involve the creation of a guardianship. Her legal services were performed for the benefit of her client, Monk, and as in Trask, the estate and Green's heirs were incidental, not actual, beneficiaries of her services. The facts of Trask are more directly analogous.

Benjamin also argues that denying him standing insulates negligent attorneys from liability. The Supreme Court rejected this policy argument in Trask. The estate and its beneficiaries have a legal remedy. "[T]he personal representative owes the beneficiaries of an estate a fiduciary duty to act in the estate's best interest. If the personal representative's conduct falls below this standard, the estate beneficiaries may bring a cause of action against the personal representative for breach of fiduciary duty." Trask, 123 Wn.2d at 843. Those harmed by a personal representative's mismanagement of an estate do not lack legal redress.

The Trask court also recognized that, under Washington probate laws, estate beneficiaries have the ability to take a proactive role in the management of the estate and to seek court orders directing a personal representative's actions.

Id. at 844. The estate beneficiaries had the ability to take measures to protect their interests against possible malfeasance by Monk.

Finally, the Supreme Court determined that the "unresolvable conflict of interest that an estate attorney encounters in deciding whether to represent the personal representative, the estate, or the estate heirs unduly burdens the legal profession." Id. at 845. It decided this policy concern trumped the possibility that estate beneficiaries would be unable to recoup money wrongfully converted by a predecessor personal representative. See also Parks v. Fink, 173 Wn. App. 366, 388-89, 293 P.3d 1275 (2013) (beneficiary of will lacked standing to sue decedent's attorney for negligent preparation of will; imposing duty of care diminished attorney's duty of undivided loyalty to client).

The same policy considerations exist here. Singleton owed an undivided duty of loyalty to Monk. Requiring Singleton to act in the best interest of the estate or all its heirs would create the risk of interfering with her duty of undivided loyalty to him. The risk of such interference outweighs the risk of harm to the other beneficiaries.

Affirmed.

Andrus, J.

WE CONCUR:

Chun, J.

Mann, A.C.J.